IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ROGER DALE SIMS                                                                      PETITIONER

VS.                              CASE NO. 5:12CV00056 JMM/HDY

RAY HOBBS, Director of the
Arkansas Department of Correction                                        RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>  Clerk, United States District Court
>  Eastern District of Arkansas
>  600 West Capitol Avenue, Suite A149
>  Little Rock, AR 72201-3325

## DISPOSITION

Roger Dale Sims, an inmate in the custody of the Arkansas Department of Correction (ADC), filed this application for writ of habeas corpus pursuant to 28 U.S.C. §2254. Following the 2001 entry of a guilty plea in Craighead County to the charges of rape and incest, Mr. Sims was sentenced to 35 years in the ADC. Mr. Sims sought federal habeas corpus relief in 2003. *Sims v. Norris*, Case NO. 5:03cv00287. This petition was denied with prejudice, and judgment was entered on July 28, 2004. See Exhibit B to docket entry no. 6. This Court and the Eighth Circuit Court of Appeals denied the petitioner's request for a certificate of appealability. See Exhibits B and C to docket entry no. 6. Twice in 2005, and once in 2007 and 2008, Mr. Sims sought and was denied permission by the Eighth Circuit Court of Appeals to file a successive petition in the district court. In April of 2011, the petitioner filed a habeas petition with this court contending that he had a right to be considered for parole. *Sims v. Hobbs*, Case No. 5:11cv90. This petition was dismissed with prejudice on September 2, 2011. See Exhibit F to docket entry no. 6. This court and the Eighth Circuit Court of Appeals denied the petitioner's request for a certificate of appealability.

The current petition is a challenge to the provisions which govern petitioner's parole eligibility. There is no showing that the petitioner has sought or received permission from the Eighth Circuit Court of Appeals to file the instant petition. The respondent moves to dismiss the current petition for failing to seek or receive permission from the Eighth Circuit Court of Appeals to file this successive petition.

28 U.S.C. § 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Mr. Sims counters that the current petition should not be considered to be a second or successive petition because he is raising a new issue for relief, this issue deals with parole eligibility and not the underlying conviction, and he could have raised this issue in a civil rights action pursuant to 42 U.S.C. § 1983. These arguments are without merit. The statutory language is clear that permission must be received before the filing of the successive petition with the district court. This is true even if new issues are raised, even if the new issue deals with parole eligibility, and even if the petitioner could have raised the claims in other forums. As a result, we recommend that the petition be dismissed without prejudice pending an order from the Eighth Circuit Court of Appeals containing authorization for filing.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

IT IS SO ORDERED this __14__ day of March, 2012.

                                                                         UNITED STATES MAGISTRATE JUDGE